Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| *FRANCIS & GUEITS LAW OFFICES, P.S.C.* Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE CAGUAS Y OTROS<br><br>PETICIONARIOS | KLCE202500658 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2024CV03364<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de julio de 2025.

Comparece ante nos, el Municipio Autónomo de Caguas (en adelante, "Municipio de Caguas"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Resolución*" emitida el 7 de mayo de 2025 y notificada el 13 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la *"Moción de Desestimación*," presentada por el Municipio de Caguas. Todo, dentro de un pleito sobre cobro de dinero; incumplimiento contractual; daños y perjuicios; discrimen político; intervención con relaciones contractuales; contrato en daño de tercero; y difamación, instado por Francis & Gueits Law Offices, P.S.C (Francis & Gueits Law), representada por Ricardo R. Hatton Rentas y Christian J. Francis Martínez (en lo sucesivo, en conjunto "los recurridos").

Por los fundamentos que expondremos a continuación, *denegamos* la *expedición* del auto de *certiorari* presentado.

**I.**

El 11 de septiembre de 2024, los recurridos presentaron la *"Demanda"* de epígrafe en contra del Municipio de Caguas, sus funcionaros públicos y la firma de consultoría, City Renewall LLC. Relataron, que el 11

Número Identificador
RES2025 _____

de mayo de 2021, la firma legal Francis & Gueits Law comenzó una relación contractual con el Municipio de Caguas en la que se pactó que la referida firma prestaría servicios legales sobre asuntos relacionados a inmuebles considerados estorbos públicos. Sostuvieron, que el contrato suscrito por las partes se trató de uno de adhesión, puesto que fue redactado únicamente por el Municipio de Caguas. Añadieron, que la relación contractual se acordó por una duración de cuatro (4) años. La fecha de comienzo fue el 20 de mayo de 2021 y la culminación pactada se proyectó a la fecha de 20 de mayo de 2025.

Sobre la relación contractual, aseveraron que Francis & Gueits Law asumió los costos de identificación de estorbos públicos y posibles estorbos públicos. Agregaron, que la aludida firma legal atendió asuntos y quejas sobre propiedades declaradas como estorbos públicos y presentó casos de expropiación forzosa ante el Tribunal General de Justicia. Cónsono con lo anterior, sostuvieron que el Municipio de Caguas no invirtió recursos económicos o de capital humano en las investigaciones realizadas ni en la tramitación de los casos que le fueron asignados a la firma legal. Sobre el particular, expresaron que la referida firma cobraba una suma global al culminar la prestación de cada servicio.

Con relación a las causas de acción incoadas, levantaron alegaciones de discrimen político; incumplimiento contractual; e interferencia con relaciones contractuales de terceros. Sostuvieron, que fueron investigados por empleados públicos del Municipio de Caguas a los fines de obtener información sobre su afiliación política. Cónsono con lo anterior, plantearon que empleados públicos realizaron expresiones falsas en su contra y le discriminaron por tener una ideología política distinta. Por otro lado, adujeron que mientras estaba vigente la relación contractual con el Municipio de Caguas, una firma de consultoría requirió al referido municipio que le asignara los casos ya asignados a Francis & Gueits Law. Posterior a ello, según aseveraron, se les informó sobre la cancelación del contrato objeto de litigio debido a unos asuntos de proyección e imagen del Alcalde del Municipio de Caguas.

Así pues, sostuvieron que le solicitaron al Municipio de Caguas que les diera la oportunidad de culminar la tramitación de los casos que se estaban ventilando ante los tribunales, para lograr una transición ordenada y el recobro de los servicios brindados. Expresaron que el municipio se negó a la referida petición. Acto seguido, arguyeron que recibieron una misiva de cancelación de contrato con fecha de efectividad del 12 de octubre de 2023. Ante tales hechos, argumentaron en síntesis que el Municipio de Caguas debe responder por utilizar ilegal y de mala fe la cláusula contractual que le permitía a dicho municipio terminar la relación contractual existente. De igual modo, sostuvieron que el referido municipio debe responder por permitir que terceros interfirieran con la relación contractual en controversia. También plantearon, que el Municipio de Caguas debía responder por no satisfacer el pago de honorarios de abogado y otros gastos al momento de terminar la relación contractual; por enriquecimiento injusto; y por no evitar la provocación de daños en el proceso de culminación de la relación contractual.

Finalmente peticionaron, que se declarara la nulidad de la cláusula unilateral de terminación de contrato. A su vez, solicitaron una indemnización al amparo de la doctrina *quantum meruit*; daños por discrimen político; daños por difamación; daños punitivos; daños por interferencia contractual; una indemnización por la realización de un contrato en daño de tercero; y daños por incumplimiento contractual.

En reacción, el 18 de febrero de 2025, el Municipio de Caguas presentó *"Moción de Desestimación."* En esencia, aseveró que procede la desestimación de la causa de acción instada en su contra, dado que en el contrato suscrito por las partes existía una cláusula de terminación unilateral del contrato. Entiende, que dio por terminada la referida relación contractual de forma valida, según los términos del propio contrato. Por lo tanto, sostuvo que no proceden las alegaciones de incumplimiento contractual ni las reclamaciones de daños y perjuicios expuestas en la "*Demanda*."

En vista de ello, adujo que la "*Demanda*" adolece de alegaciones que justifiquen la concesión de un remedio, puesto que el contrato se perfeccionó

sin vicios en el consentimiento; la cláusula de terminación unilateral no es inválida; y las reclamaciones esbozadas en la "*Demanda*" carecen de hechos específicos y base jurídica que fundamenten su procedencia. Por consiguiente, solicitó la Desestimación de la "*Demanda*" de epígrafe al amparo de las disposiciones de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V., R.10.2.

En respuesta, el 31 de marzo de 2025, los recurridos presentaron "*Oposición a Solicitud de Desestimación.*" En síntesis, esgrimieron que las alegaciones de la "*Demanda*" gozan de detalle y especificidad. Sostuvieron, que estas demuestran la obstrucción del Municipio de Caguas con la labor de Francis & Gueits Law en el cumplimiento de las obligaciones contractuales. Sobre el particular, reiteraron que el referido municipio paralizó la asignación de casos para la aludida firma legal y reasignó casos de Francis & Gueits Law a otra firma cuando aun estaba vigente la relación contractual en controversia. De igual modo, se reafirmaron en sus previas alegaciones sobre que el Municipio de Caguas dio fin a la relación contractual por cuestiones personales y políticas ajenas a su ejecución laboral.

A tenor de ello, adujeron que el referido municipio actuó de mala fe al intentar modificar cláusulas contractuales y al obstruir el pago de honorarios de abogado y gastos pendientes a la culminación del contrato. A la luz de lo anterior, plantearon que el Municipio de Caguas tiene la obligación de compensarle por los trabajos realizados, toda vez que el referido municipio se benefició de estos. En virtud de lo expuesto, solicitaron que se declara *No Ha Lugar* la *"Moción de Desestimación."*

En atención de los escritos presentados, el 13 de mayo de 2025, el foro recurrido notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la *"Moción de Desestimación*," presentada por el Municipio de Caguas.

En desacuerdo, el 12 de junio de 2025, el Municipio de Caguas compareció de forma oportuna ante este Tribunal a través de un recurso de *certiorari.* Mediante este, esbozó los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al aplicar un estándar incorrecto al resolver la Moción de Desestimación presentada por el Municipio, el concluir que el criterio aplicable es si la parte demandante "tiene Derecho a ofrecer prueba que justifique su reclamación". En lugar de determinar si, de los hechos bien alegados en la demanda, surge una causa de acción que justifique la concesión de un remedio conforme a la normativa aplicable de la Regla 102 de las de Procedimientos Civil.

Erró el Tribunal de Primera Instancia al no desestimar todas las causas de acción de la demanda que surgen de la terminación del contrato suscrito entre las partes, toda vez que, como cuestión de Derecho, el peticionario tenía la facultad de resolver unilateralmente dicho acuerdo conforme a la cláusula de terminación unilateral pactada entre las partes.

Erró el Tribunal de Primera Instancia al no desestimar las demás causas de acción de naturaleza extracontractual incluidas en la demanda, ya que, como cuestión de Derecho, las mismas no son oponibles al peticionario.

Por su parte, el 23 de junio de 2025, los recurridos presentaron "*Oposición a Petición de Certiorari*."

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco doctrinal aplicable al recurso ante nuestra consideración.

**II.**

**A. Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd*. Ahora bien, el ejercicio de esta discreción no es absoluto.

Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios

cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.     Desestimación al amparo de la Regla 10.2(5)**:

La Regla 10.2 de las Reglas de Procedimiento Civil, establece que antes de presentar una alegación responsiva, la parte demandada puede instar una moción en la que solicite la desestimación de la demanda instada en su contra. *Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). En lo pertinente, la referida regla dispone que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) **Dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) Dejar de acumular una parte indispensable. 32 LPRA Ap. V., R.10.2.

Conforme dispone el inciso (5) de la precitada regla se podrá solicitar la desestimación de una demanda por el fundamento de que ésta no esboza una reclamación que justifique la concesión de un remedio. Regla 10.2 (5) de las Reglas de Procedimiento Civil, *supra*. Es decir, lo que se impugna es la suficiencia jurídica de las alegaciones para obtener algún remedio legal, no la veracidad de lo alegado, ni la capacidad del demandante para probarlo.

Al adjudicar una moción a base de este fundamento los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la

demanda y, a su vez, considerarlos de la forma más favorables a la parte demandante. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.* y otro, 2025 TSPR 1; *Costas Elena y otros v. Magic Sport* y otros, 213 DPR 523, 534 (2024); *López García v. López García*, 200 DPR 50, 69 (2018). En particular, el tribunal debe tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Accurate Sols v. Heritage Environmental*, 193 DPR 423, 433 (2015). Ello es así ya que, según indicamos anteriormente, lo que se ataca con esta moción es un vicio intrínseco de la demanda, no los hechos aseverados. *Íd.*

Entonces, para que proceda una moción de desestimación, la parte demandada tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. (Citas omitidas). *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99; *López García v. López García,* supra. No procede la desestimación si la demanda es susceptible de ser enmendada. *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113; *Accurate Sols. v. Heritage Environmental*, supra*; Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, supra. Solo en casos extremos, se debe privar a un demandante de su día en corte. *Íd.*

**III**.

En el presente recurso, el Municipio de Caguas recurre de una determinación interlocutoria en la que se declaró *No Ha Lugar* su *"Moción de Desestimación.*" A través del referido escrito, el Municipio de Caguas cuestiona la suficiencia de las alegaciones de la demanda bajo el argumento esencial de que estas dependen de una cláusula unilateral de terminación contractual, que a su juicio es válida. Ante la realidad de la aducida validez, sostiene que las causas de acción incoadas por los recurridos no tienen ninguna procedencia jurídica. Por consiguiente, argumenta que la reclamación entablada en su contra se debe desestimar a tenor de lo dispuesto en la Regla 10.2(5) de Procedimiento Civil, *supra*.

Por su parte, los recurridos nos solicitan en síntesis, que no intervengamos con la decisión recurrida puesto que esta no exhibe algún error manifiesto o perjuicio irreparable. Aseveran que merecen su día en corte, dado que las alegaciones de la "*Demanda*" son concretas, específicas y legalmente suficientes.

Tras una revisión concienzuda del expediente ante nuestra consideración, concluimos *denegar* la expedición del auto de *certiorari* presentado por el Municipio de Caguas.

Conforme fue expuesto, una petición de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra* está dirigida a impugnar la suficiencia jurídica de las alegaciones esbozadas en la demanda, y con ello demostrar que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su causa de acción. Nótese, que este tipo de desestimación se fundamenta en la existencia de un vicio intrínseco de la demanda, por lo que no va en contra de los hechos aseverados en esta. A la luz de lo anterior, si los hechos están bien alegados, la parte demandada debe demostrar con toda certeza que la parte demandante no tiene derecho a remedio alguno. *Accurate Sols. v. Heritage Environmental*, supra, pág. 433.

En este tipo de examen de procedencia desestimatoria, los tribunales deben tomar como ciertos todos los hechos bien alegados en la demanda e interpretar la referida demanda de la forma mas liberal posible a favor de la parte demandante. Como es sabido, solo en casos extremos se debe privar a una parte demandante de su día en corte. Así pues, al examinar el expediente ante nos, determinamos que no intervendremos en los méritos del recurso presentado. Es conocido que los recurso de *certiorari* son de naturaleza discrecional. Su expedición esta delimitada a las consideraciones de la Regla 40, *supra*.

En vista de ello, al ejercer nuestra facultad discrecional a tenor de los parámetros de la referida Regla 40, *supra*, concluimos que no se reúnen los criterios necesarios para expedir el auto de *certiorari* presentado. Es preciso señalar, que nuestro ejercicio de revisión se produce contra la resolución

dictaminada y no contra sus fundamentos. *Freire Ayala v. Vista Rent*, 169 DPR 418, 442 (2006). Ante ello, y a tenor de la precitada Regal 40, *supra*, determinamos que la "*Resolución*" ante nuestra consideración no es contraria a derecho y no proviene de una apreciación prejuiciada, parcializada o que exhiba error manifiesto. Por lo cual, *denegamos* la expedición del auto de *certiorari* presentado.

Puntualizamos, que con la denegatoria de la expedición del recurso de epígrafe no estamos prejuzgando la controversia existente entre las partes. Nuestra decisión de no intervenir en los méritos del recurso se efectúa a la luz del asunto que hoy se presenta ante nos.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones